LORING P. LITCHFIELD AND HELEN Q. LITCHFIELD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 94548.   Filed September 16, 1963.

*Paul B. Sargent*, for the petitioners.
*John C. Galluzzo, Jr.*, for the respondent.

### OPINION

WITHEY, *Judge:* Respondent determined a deficiency in petitioners' income tax for 1959 in the amount of $1,860.

In their petition, petitioners claim an overpayment of $845.18.

The sole issue presented for our decision is whether petitioners, in computing the amount deductible as medical expenses for the care of petitioner Loring P. Litchfield's dependent mother, must reduce the total disbursements for medical care by the amount of reimbursement received from petitioner's brothers.

All of the facts have been stipulated and are found accordingly.

Petitioners Loring P. and Helen Q. Litchfield were husband and wife during 1959 residing at Waban, Mass. The husband at times will be referred to as petitioner. They filed their income tax return for 1959 with the director of internal revenue at Boston, Mass.

During 1959, petitioner's mother, Nellie F. Litchfield, was confined to the Braemoor Nursing Home. During each month of 1959 petitioner issued his personal check to the Braemoor Nursing Home in the total amount due for the care of his mother. Each month during 1959 petitioner notified his two brothers, Arthur K. and Robert C. Litchfield, of the monthly payment he had made to the Braemoor Nursing Home and each of them in turn reimbursed him to the extent of one-third of the total amount paid for the care of their mother.

Arthur K. and Robert C. Litchfield each executed a multiple-support agreement (form 2120) in which it was stated that they had contributed more than 10 percent of their mother's total support during 1959, but would not claim a dependency credit for the support of their mother on their income tax returns for that year.

The total amount disbursed for the medical care of Nellie F. Litchfield during 1959 was as follows:

| | |
|---|---:|
| Medicine and drugs—Professional Pharmacy | $436 |
| Goddard Clinic | 114 |
| Braemoor Nursing Home | 5,448 |
| Dr. Robert H. Tait | 34 |
| Dr. Edward E. Jones | 27 |
| Nurses | 1,685 |
| Total | 7,744 |

The above-stated amounts constituted the sole support furnished Nellie F. Litchfield by her three sons during 1959.

On their income tax return for 1959 petitioners claimed a deduction for medicine, drugs, and other medical expenses paid for the medical care of petitioner's mother in the total amount of $7,137. They also claimed a dependency credit for the support of petitioner's mother on their 1959 return.

In his notice of deficiency the respondent disallowed all but $1,798 of the amount claimed by petitioners as a medical-expense deduction for 1959.

The petitioners take the position that since the total cost of medical care furnished petitioner's dependent mother was first personally paid by him, they are entitled to claim a medical-expense deduction for the entire amount disbursed without taking into account the amounts received as reimbursement from petitioner's brothers, Arthur K. and Robert C. Litchfield.

Respondent contends that although petitioner in form disbursed the entire cost of the medical care of Nellie F. Litchfield, in actuality two-thirds of such expenditures was paid by petitioner's brothers, and he therefore is entitled to claim only one-third of the total cost as his medical expense deduction.[1]

Section 213 of the Internal Revenue Code of 1954 provides in part as follows:

SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES.

(a) ALLOWANCE OF DEDUCTION.—There shall be allowed as a deduction the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent (as defined in section 152)—

Since only one-third of the total amount expended during 1959 as medical expenses for the care of petitioner's mother was actually borne by him, that portion alone represents his "*expenses* paid during

---

[1] The respondent does not question the propriety of the dependency credit claimed by petitioners on their 1959 return for the support of Nellie F. Litchfield.

the taxable year * * * for medical care of * * * a dependent." (Emphasis. added.) The inclusion in the text of section 213(a) of the phrase "not compensated for by insurance or otherwise" makes it abundantly clear that only unreimbursed medical expenses qualify for the deduction provided by that section.

The petitioner contends that the words "or otherwise" appearing in section 213(a) refer to some form of compensation comparable to insurance and that since the reimbursement received by him was not in the nature of insurance, it did not constitute the type of compensation contemplated by the statute and need not be taken into account in computing the net amount of petitioners' medical expense for 1959.

As we read section 213(a), the words "or otherwise" quite clearly appear to have been included in the statute to serve as a catchall which would require the offsetting of *any form* of reimbursement received against the total medical expense payments. The respondent's regulations, sec. 1.213–1(a)(3)(i), Income Tax Regs., are in line with our reading of section 213(a):

(3)(i) For medical expenses paid (including expenses paid for medicine and drugs) to be deductible, they must be for medical care of the taxpayer, his spouse, or a dependent of the taxpayer and not be compensated for by insurance or otherwise. Expenses paid for the medical care of a dependent, as defined in section 152 and the regulations thereunder, are deductible under this section even though the dependent has gross income of $600 or more for the taxable year. Where such expenses are paid by two or more persons and the conditions of section 152(c) and the regulations thereunder are met, the medical expenses are deductible only by the person designated in the multiple support agreement filed by such persons and such deduction is limited to the amount of medical expenses paid by such person.

In our opinion, the above-stated provision of the respondent's regulations correctly interprets the phrase "not compensated for by insurance or otherwise" in section 213(a).

Although the result here prevents anyone deducting the full medical expense, it appears to us nevertheless to be required by the language of section 213(a). To hold otherwise would nullify the obvious purpose and plain meaning of the wording of the statute.

We accordingly hold that to the extent petitioner received reimbursement from his brothers in 1959 for the medical expenses paid by him for the medical care of his dependent mother during 1959, he is not entitled to a medical expense deduction under section 213(a) of the 1954 Code. The respondent's determination therefore is sustained.

*Decision will be entered for the respondent.*