**Loring P. LITCHFIELD et al.,
Petitioners,**

**v.**

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

**No. 6265.**

United States Court of Appeals
First Circuit.

April 17, 1964.

Paul B. Sargent, Boston, Mass., for petitioners.

David I. Granger, Atty., Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, David O. Walter and Earl J. Silbert, Attys., Dept. of Justice, were on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is a petition to review a decision of the Tax Court denying a taxpayer part of a claimed deduction for medical expenses paid in 1959 on account of a dependent. Taxpayer's mother, who had little or no income, was an invalid requiring confinement to a nursing home. Taxpayer and his two brothers executed multiple support agreements pursuant to section 152(c) of the 1954 Code by virtue of which taxpayer was permitted to claim her as a dependent. Taxpayer paid the nursing home bills and other medical expenses of his mother, but was reimbursed monthly for one third of the total by each brother. Taxpayer claimed the entire amount of these expenses, within appropriate limits, as a medical deduction under section 213 of the Code. The Commissioner allowed only one third, and the Tax Court sustained his determination.

Admittedly if each brother had assumed and paid one third of the bills directly taxpayer would be able to claim only his own third as a deduction, and the others would have been entitled to claim nothing.[1] The Tax Court based its decision, that taxpayer could deduct only his out-of-pocket payment, on the ground that the rest was "compensated for by insurance *or otherwise*." 1954 I.R.C. § 213(a) (ital. suppl.). Taxpayer responds that this is a very broad interpretation, which would lead to extreme results in other situations. He hypothe-

[1] Prior to the 1954 Code taxpayer would have been able to claim nothing, either, not having contributed over 50% of the support. Russoniello v. Commissioner, 1954, 21 T.C. 828. *Compare* 1939 I.R.C. § 23(x) *with* 1939 I.R.C. § 25(b) (3).

sizes a case such as a father's reimbursing a nondependent son because the son had had an unusual illness in his family, and warns us that under the Tax Court's decision the son would not be allowed to take a medical deduction because the expense would have been "compensated for." To the extent that the Tax Court's opinion might be so read, we do not hereby approve it. In the suppositious case we believe it might well be fair to say that the son incurred and paid the medical expense, and that the father merely made a gift to the son, which was not comparable to the reimbursement included in "compensated for by insurance or otherwise." However, this case is not that situation. Here taxpayer's brothers only in form made a gift [2] to the taxpayer. In substance they were making a gift to their mother.[3] It seems quite obvious that the joint understanding was that taxpayer was but a conduit for the brothers' contributions.[4] Or, as taxpayer said during oral argument, "They made a family contribution to the mother." Thus we need not be concerned with the construction of the quoted statutory phrase, for we hold that the amounts for which taxpayer was reimbursed were not expenses paid by taxpayer within the contemplation of section 213(a).

We find nothing in the enactment of section 152(c), which by its terms is applicable solely to the determination of dependency, that could support petitioner's present contention. That the present statutory result may be thought niggardly is not a reason for us to manufacture a broader and, indeed, over-generous provision.

Judgment will be entered affirming the decision of the Tax Court.

2. In our view it is immaterial whether or not the joint understanding or arrangement can be characterized as a contract to make the reimbursements. We will, in taxpayer's favor, refer to these support payments as a "gift" without expressing any opinion on the actual legal relations involved.

3. The only gift they really sought to make to the taxpayer was a gift of a tax deduction. If the taxpayer was in a high tax bracket he might be, "net," better off under this arrangement than if the situation had never arisen, as he would get a $3 deduction for every $1 he was actually out of pocket. We might add, by way of embellishment, that in any case where there was a difference the brothers could select, as the person to get the full deduction, the one in the highest bracket, and then by an accounting inter sese, divide up the highest bracket tax saving. In other words, the principle advocated by taxpayer on the ground that the Tax Court's decision is inequitable (not to himself, but to his brothers) would in many cases be inequitable to the government.

4. It could hardly be imagined if the other two brothers had been charged by friends of unfilially doing nothing to support their mother that they would have accepted the impeachment.