ROBERT W. HODGE AND ROSALIE DRAKE HODGE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 369–63.   Filed May 14, 1965.

*Robert W. Hodge*, pro se.
*Carl W. Kloepfer*, for the respondent.

ATKINS, *Judge:* The respondent determined deficiencies in income tax for the taxable years 1960 and 1961 in the respective amounts of $292.72 and $249.67.

The petitioners have conceded all issues except the issue of whether the respondent erred in disallowing as deductions for the taxable years 1960 and 1961 the respective amounts of $1,475.60 and $1,440.20, representing portions of amounts claimed as medical expenses on account of the mother of the petitioner Robert W. Hodge.

### FINDINGS OF FACT

Some of the facts have been stipulated and are incorporated herein by this reference.

The petitioners are husband and wife residing at Pontiac, Mich. They filed joint Federal income tax returns for the taxable years 1960 and 1961 with the district director of internal revenue at Detroit, Mich.  Hereinafter the petitioner Robert W. Hodge will be referred to as the petitioner.

The petitioner's mother, Lottie Hodge Maske, was born on August 11, 1871.  For each of the taxable years 1960 and 1961 the petitioners claimed and were allowed a dependency exemption for her.

In the early 1950's Lottie Hodge Maske had difficulty with her memory and the petitioner took her to a doctor in Ann Arbor, Mich., who diagnosed her condition as arteriosclerosis and who stated that the condition was incurable and would become progressively worse. She maintained her own apartment in Detroit, Mich., until November 1959, but in that year she was suffering from delusions and was unable to properly care for herself.  In November 1959, she fell and frac-

tured her skull. At that time the petitioner took her to the Bloomfield Hills Sanitarium in Pontiac, Mich., and she has remained there ever since.

On January 14, 1960, Lottie Hodge Maske was adjudicated a mental incompetent by the Probate Court for Wayne County, Mich., and the petitioner was appointed as her guardian. The petitioner was empowered to hold all her property, was required to dispose of the same for her best interest, and was required to render to the court periodic accounts of such property and of his management and disposition thereof.

At the time that the petitioner was appointed guardian of Lottie Hodge Maske the latter had no assets. In his capacity as guardian of Lottie Hodge Maske, the petitioner received during the years 1960 and 1961 the following amounts through the Michigan State Department of Social Welfare and through the Social Security Administration:

| | 1960 | 1961 |
|---|---|---|
| Department of Social Welfare | $530.00 | $520.00 |
| Social Security | 945.60 | 920.20 |
| Total | 1,475.60 | 1,440.20 |

The petitioner did not maintain a separate fiduciary bank account as the guardian of Lottie Hodge Maske during the years 1960 and 1961. The moneys which were received by him in his capacity as guardian were deposited in his personal bank account and he then wrote checks on such account to pay all expenses incurred by her or on her behalf during those years.

In his annual accountings to the Probate Court the petitioner reported total receipts for the fiscal years ending January 31, 1960 and 1961, in the respective amounts of $1,475.60 and $1,454.20 from "Social Security Benefits" and "State of Michigan Old Age Assistance," and total disbursements in the respective amounts of $3,095.17 and $2,915.19. The disbursements for 1960 included $2,984.15 paid to the Bloomfield Hills Sanitarium and $101.64 for hospitalization insurance, and the disbursements for 1961 included $2,813.55 paid to the Bloomfield Hills Sanitarium and $101.64 for hospitalization insurance.

Bloomfield Hills Sanitarium maintains on its staff a doctor of medicine, registered nurses, and nurses' assistants. In addition, it has as a regular consultant another doctor of medicine. The services rendered by it encompass normal care for ailments covered by the term "geriatrics" and for such illnesses as pneumonia. It is not equipped to handle cases requiring traction or surgery. At the time of her entrance into Bloomfield Hills Sanitarium, and at all times since, Lottie Hodge Maske has suffered from the ravages of age and has been

physically and mentally incapable of caring for herself. She needed attention 24 hours per day.

In their income tax return for the taxable year 1960 the petitioners claimed as a deduction medical expenses of $3,085.79 on account of Lottie Hodge Maske, and in their return for the taxable year 1961 they claimed as a deduction medical expenses of $2,910.19 on her account.

In the notice of deficiency the respondent disallowed $1,475.60 of the amount of $3,085.79 claimed for the taxable year 1960. He disallowed $1,440.20 of the amount of $2,910.19 claimed for the taxable year 1961. In each instance the respondent stated that the amount disallowed represented payments made from the funds of Lottie Hodge Maske.

### OPINION

On brief the respondent agrees with the petitioners that all the costs incurred in maintaining Lottie Hodge Maske at the sanitarium and the amounts paid for hospitalization insurance premiums were expenses for "medical care," within the meaning of section 213(a) of the Internal Revenue Code of 1954.[1] He contends, however, that the deduction to which the petitioners are entitled is limited to the amounts which *they* paid. It is his position that of the amounts paid in each of the years 1960 and 1961, the respective amounts of $1,475.60 and $1,440.20 were paid out of benefits which Lottie Hodge Maske received from the Social Security Administration and from the Michigan State Department of Social Welfare; that these amounts were, thus, in effect paid by her and not by the petitioners.

The petitioners, on the other hand, take the position that the statute clearly permits them to deduct all medical expenses of the dependent mother, and argue that they were not "compensated for by insurance or otherwise" by virtue of the fact that the petitioner received and deposited in his bank account the amounts of $1,475.60 and $1,440.20, representing benefits paid by the Michigan State Department of Social Welfare and the Social Security Administration.

We agree with the respondent. Section 213(a) reasonably cannot be construed as allowing the petitioners a deduction for medical expenses which they did not themselves pay. *Litchfield* v. *Commissioner*, (C.A. 1) 330 F. 2d 509, affirming 40 T.C. 967. The petitioner received the social security and the old age assistance payments in his capacity as guardian of his mother and held them as guardian, despite the fact that they were placed in his personal bank account. In the annual accountings which he made to the Probate Court, he repre-

---

[1] Sec. 213(a) provides in part as follows:
"There shall be allowed as a deduction the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent (as defined in section 152)—"

sented that he had received these amounts as guardian and showed that he had expended such amounts, and more, as medical expenses of his mother. We think it clear, therefore, that such social security and old age assistance payments were used to pay, to that extent, the expenses of medical care of Lottie Hodge Maske. In effect, the petitioner was a conduit for the receipt of such payments on behalf of Lottie Hodge Maske and for the payment of such amounts on her behalf. *Litchfield* v. *Commissioner, supra*. Thus, in effect, to that extent, Lottie Hodge Maske paid her own medical expenses and the petitioners paid only the remainder of such expenses. The respondent has allowed the petitioners a deduction of such remainder, and we think his determination was correct.

*Decision will be entered for the respondent.*