HAROLD G. McDERMID AND GUINEVERE McDERMID, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4219–69SC.   Filed September 14, 1970.

Harold G. McDermid and Guinevere McDermid, pro se.

*John E. White,* for the respondent.

---

**OPINION**

Petitioners' claim to an exemption deduction for Clara rests upon section 151(e)[2] which allows an exemption deduction of $600 for each dependent "whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600." Since Clara's pension income, which is includible in her own gross income, exceeded $600—amounting to approximately $2,463 in 1966 and approximately $2,508 in 1967—petitioners are not entitled to an exemption deduction for her in either year.

With regard to the medical expenses, section 213 is controlling, and it allows the deduction only if the expenses are "not compensated for by insurance or otherwise." Petitioners paid Clara's medical expenses out of an account consisting of their funds as well as Clara's pension income. By Harold's own admission "the [pension] check was used along with our money and transmitted for payment [of Clara's medical expenses]." To this extent Clara's nursing home care was not borne by petitioners. The use of Clara's independent pension income to help defray her medical expenses amounts to "compensation" for some of the expenses within the meaning of section 213.

This Court has reached the same conclusion in other similar factual situations. In *Loring P. Litchfield*, 40 T.C. 967, 969 (1963), affd. 330 F. 2d 509 (C.A. 1, 1964), the taxpayer's brothers reimbursed him for some of the expenses for the medical care of their mother, and this Court stated that "the words 'or otherwise' [as found in section 213(a)] quite clearly appear to have been included in the statute to

---

[2] SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS.

(e) ADDITIONAL EXEMPTION FOR DEPENDENTS.—

(1) IN GENERAL.—An exemption of $600 for each dependent (as defined in section 152)—

(A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, * * *

The term "dependent" is defined in sec. 152(a)(7) to include "A brother or sister of the father or mother of the taxpayer."

serve as a catchall which would require the offsetting of *any form* of reimbursement received against the total medical expense payments." Also, in *Robert W. Hodge*, 44 T.C. 186 (1965), this Court encountered facts very similar to the present ones. There the taxpayer paid all the medical expenses incurred in maintaining his mother in a sanitarium. In his capacity as guardian of his mother, however, he received her social security and old age assistance payments. He placed them in his personal bank account and used them along with his own funds to pay the bills. This Court found that the taxpayer served as a conduit for the receipt and use of his mother's funds, and could deduct her medical expenses only to the extent he used his own funds to defray them. These decisions are controlling here.

To determine the amount of petitioners' medical expense deductions, it is necessary to subtract Clara's pension income from the total medical expenses. For 1966, the total expenses for Clara's medical care were $4,830, and her pension income for that year was $2,463.07; thus, petitioners may deduct $2,366.93. For 1967, the total medical expenses for Clara were $5,579.52, and Clara's pension income was $2,508.12; petitioners may deduct $3,071.40.

Petitioners next argue that they are entitled to refunds for each of the years in issue on a theory that, since Clara, more than 65 years of age, was entitled to a deduction of $1,200 as her personal exemption had she filed her own return (see sec. 151(c)), then they may exclude a similar amount in calculating the amount of her pension that was used to pay her medical expenses. However, the personal exemption and medical expense deduction provisions are not so correlated. The actual amount of Clara's pension income which was applied to defray her medical expenses, rather than her pension income adjusted for the personal exemption allowable to her in determining her taxable income, must be used in computing the amount petitioners actually paid toward Clara's medical expenses. And, as noted, the total amount of Clara's pension income was used for this purpose. Petitioners are entitled to deduct the amounts computed above.

*Decision will be entered under Rule 50.*