BENJAMIN D. MORGAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6138–69SC.    Filed December 1, 1970.

*George H. Parker,* for the petitioner.
*David W. Winters,* for the respondent.

### OPINION

TIETJENS, *Judge:* The Commissioner determined a deficiency in petitioner's Federal income tax for taxable year 1967 in the amount of $766.67. The sole issue before us is whether a portion of settlement proceeds received by petitioner in a tort action was compensation for medical expenses, thereby disallowing a portion of his claimed medical expense deduction for the taxable year.

Petitioner's legal residence at the time of the filing of the petition herein was Middle Village, Queens, New York. He filed his 1967 Federal income tax return with the district director of internal revenue in Brooklyn, New York.

During 1952, petitioner was employed as a police officer by the City of New York (hereinafter referred to as the City). On April 7, 1962,

while within the scope of his employment, petitioner was injured while operating a motor vehicle and as a result incurred medical expenses in the amount of $3,857.50 as follows:

| | |
|---|---|
| Gerald Shaftan, M.D., Kings County Medical Center | $425.00 |
| Sigmund Forster, M.D., Kings County Medical Center | 47.50 |
| Kings County Hospital Center | 1,215.00 |
| Veterans' Administration Hospital | 2,170.00 |
| Total | 3,857.50 |

The bills for these amounts were rendered in 1962–65, but remained unpaid until 1967.

In 1963, petitioner instituted a tort action against the City in New York State Supreme Court, Queens County, seeking damages of $500,-000 for negligence. On January 5, 1967, the City consented to the entry of judgment against it in the amount of $17,000 with the condition, by oral stipulation, that out of the settlement proceeds there was to be paid to the City the full amount of moneys due for medical services rendered and treatment administered to the petitioner due to the injuries sustained in the accident.

The medical expenses referred to above were paid out of the $17,000 recovered from the City, pursuant to the oral stipulation of settlement and the judgment of consent and an assignment given to the Veterans' Administration by petitioner.

On his income tax return for taxable year 1967 petitioner did not include any of the $17,000 recovered from the City as taxable income and he deducted the aforementioned medical expenses as part of his total medical deduction of $4,035.83.

The Commissioner disallowed the deduction in the amount of $3,857.50 stating that such sum was not in accord with section 213 of the Internal Revenue Code of 1954.

We must decide whether petitioner is entitled to a medical expense deduction or whether a portion of the settlement proceeds received from a tort action constituted compensation for medical expenses. Section 213 of the Code provides in part:

SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES.

(a) ALLOWANCE OF DEDUCTION.—There shall be allowed as a deduction the following amounts, *not compensated for by insurance or otherwise*—[Emphasis supplied.]

Petitioner advances two arguments to support his position that he is entitled to the deduction. The first argument is that "the question of medical expenses which have been deducted in a particular tax year being 'compensated' or reimbursed in that year or in a subsequent year, depends upon initial payment." By this petitioner means that there can

be no compensation for or reimbursement of medical expenses unless there has been an original prior payment by the taxpayer which is later compensated for or reimbursed to him. Therefore, he says, since the payment in 1967 pursuant to the litigation with the City was the only payment made, he was not compensated for his medical expenses.

Such a position is untenable. The Code indicates that the only amounts allowable as a deduction for medical expenses are those "not compensated for by insurance or otherwise" and makes no distinction between reimbursements or other forms of compensation, as petitioner seeks to do. It is obvious, that petitioner was compensated for his expenses through the settlement since he incurred, in the long run, no out-of-pocket expenses. To make the propriety of the deduction turn on when an expense item is paid, either before or after the receipt of compensation, is to say the least, absurd. Petitioner delayed in paying his bills, it would seem, so that he would not have to incur the expense himself, but rather to have it covered by whatever sums he would recover in his tort action. In any event, his medical expenses have been paid and it is apparent that he has been compensated for them and so is not entitled to the deduction.

Petitioner's second argument is that petitioner has sustained a detriment, an out-of-pocket loss, since he only received in the final analysis $13,142.50 of the total settlement of $17,000; the difference, $3,857.50, having been paid out to creditors for his medical expenses. With this we cannot agree; petitioner received $17,000 in settlement of his tort action and certain conditions were placed on the retention of this sum, namely satisfaction of his creditors. Merely because petitioner did not receive in hand the full $17,000 or retain it, cannot amount to a loss sustained by him. Petitioner is in the same situation, monetarily, as he was prior to his accident; the settlement agreement obviated any necessity for petitioner to incur an out-of-pocket expense rather than resulting in an out-of-pocket expense.

We see no merit in this argument. Accordingly,

*Decision will be entered for the respondent.*