Richard Jiu and Theodora G. Jiu v. Commissioner.
Jiu v. Commissioner
Docket No. 4039-70 SC
United States Tax Court
T.C. Memo 1971-48; 1971 Tax Ct. Memo LEXIS 283; 30 T.C.M. (CCH) 220; T.C.M. (RIA) 71048; March 23, 1971, Filed. Richard Jiu, pro se, 2009 Upland St. San Pedro, Calif. Melvern Stein, for the respondent. JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: The respondent determined a deficiency in petitioners' Federal income tax for 1968 in the amount of $146.46. The issue for decision is whether petitioners are entitled to a medical expense deduction under section 213(a) of the Internal Revenue Code *284 of 1954. [1]
Some of the facts have been stipulated and are so found. Petitioners resided in San Pedro, California when they filed their petition in this case. During the taxable year petitioners paid medical expenses of the parents of Mrs. Jiu in the amount of $503. Ping Y. Gin and Tom See Gin, the father and mother of Mrs. Jiu, were subject to a multiple support agreement of their twelve children under which one of Mrs. Jiu's brothers was designated as the person entitled to claim the dependency exemptions for the parents for the taxable year. Petitioners did not supply over one-half of the support of Mr. and Mrs. Gin. In fact, petitioner estimated that the payment of $503 of medical expenses represented less than ten percent of the total support provided for Mr. and Mrs. Gin. Petitioners concede that Mr. and Mrs. Gin do not qualify as their dependents for the taxable year under the provisions of sections 151 and 152. Petitioner contends that any person who, but for the fact that he did not contribute over half the support, would have been entitled to claim an individual as a dependent for a *285 taxable year can consider such individual as his dependent under section 213. This contention is without merit. To be entitled to deduct medical expenses for a dependent where a multiple support agreement is filed, the taxpayer claiming the deduction must be the person designated in the multiple support agreement as the person entitled to claim the dependent. Section 1.213-1(a)(3)(i), Income Tax Regs. See Litchfield v. Commissioner, 330 F. 2d 509 (C.A. 1, 1964) affirming 40 T.C. 967 (1963). Accordingly, the medical expenses paid by petitioners for their parents are not deductible by them. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩