T.C. Memo. 2009-126

UNITED STATES TAX COURT

CHRISTINA MARIE THOMPSON MCGRATH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3954-08.                    Filed June 3, 2009.

Christina Marie Thompson McGrath, pro se.

<u>Erin R. Hines</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $4,891 in petitioner's Federal income tax for 2005.  The issue for decision is whether petitioner is entitled to deduct medical expenses her father paid on her behalf.  Unless otherwise indicated, all section references are to the Internal Revenue Code.

## Background

All of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner was a resident of Virginia when she filed her petition.

In 2005 petitioner and her husband entered into an agreement for in vitro fertilization services. The agreement provided for a full refund if the services were not successful. Petitioner's father paid $39,542 for the services as a wedding gift to petitioner and her husband.

On Schedule A, Itemized Deductions, of their 2005 individual income tax return, petitioner and her husband claimed a medical expense deduction of $34,313, after reducing the amount paid for the fertilization services by 7.5 percent of their adjusted gross income as required under section 213(a).

In 2008 petitioner received a full refund of the amount paid because the services were not successful.

## Discussion

Section 213(a) allows "as a deduction the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer". Respondent does not dispute that the services petitioner obtained qualified as medical expenses. Respondent's position is that petitioner is not entitled to deduct the amount paid because her father paid

for the services on her behalf.  Respondent relies on a series of cases holding that taxpayers are not entitled to deduct medical expenses which they did not pay or which were reimbursed by some other source.  See <u>Morgan v. Commissioner</u>, 55 T.C. 376 (1970); <u>Litchfield v. Commissioner</u>, 40 T.C. 967 (1963), affd. 330 F.2d 509 (1st Cir. 1964); <u>Robertson v. Commissioner</u>, T.C. Memo. 2000-100, affd. 15 Fed. Appx. 467 (9th Cir. 2001); <u>Hill v. Commissioner</u>, T.C. Memo. 1978-98; <u>Doody v. Commissioner</u>, T.C. Memo. 1973-126.

We do not know what petitioner's position is because she failed to file the pretrial memorandum or the brief ordered by the Court.  No error in respondent's determination or analysis is apparent.  Alternative arguments made in respondent's brief are unnecessary to our conclusion.

<u>Decision will be entered</u>

<u>for respondent</u>.